FILED
IN OPEN COURT

MAY 18 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 4:23-cr-32 |
| ) | |
| CHRISTOPHER SCOTT JONES, ) | |
| ) | |
| Defendant. ) | |

PLEA AGREEMENT

Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Peter Osyf, Assistant United States Attorney, the defendant, CHRISTOPHER SCOTT JONES, and the defendant's counsel, have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant, CHRISTOPHER SCOTT JONES, agrees to plead guilty to Count One and Count Seven of the Indictment. Count One charges the defendant with Coercion and Enticement of a Child, in violation of Title 18 United States Code, Section 2422(b). The penalty for this offense is a mandatory minimum term of imprisonment of ten (10) years, a maximum possible term of life imprisonment, a maximum possible fine of $250,000.00, full restitution, forfeiture of assets as outlined below, special assessments pursuant to Title 18, United States Code, Sections 3013, 3014, and 2259A, and a term of years not less than five (5), or life of supervised release. Count Seven charges the defendant with Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2). The penalty for this offense is a mandatory minimum

1



term of imprisonment of five (5) years, a maximum possible term of imprisonment of twenty (20) years, a maximum possible fine of $250,000.00, full restitution, forfeiture of assets as outlined below, special assessments pursuant to Title 18, United States Code, Sections 3013, 3014, and 2259A, and a term of years not less than five (5), or life of supervised release. The defendant is aware that this supervised release term is in addition to any prison term the defendant may receive and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Detention Pending Sentencing**

The defendant understands that this case is governed by Title 18, United States Code, Sections 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

3. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

4. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights

as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

      a.    the right to plead not guilty and to persist in that plea;

      b.    the right to a jury trial;

      c.    the right to be represented by counsel - and if necessary have the court appoint counsel - at trial and at every other stage of the proceedings; and

      d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**5.    Sentencing Guidelines, Recommendations, and Roles**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

The United States and the defendant further agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

The United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Plea Agreement. Any stipulation on a Guidelines provision does not limit the parties' arguments as to any other Guidelines provisions or sentencing factors under Section 3553(a), including arguments for a sentence within or outside the advisory Guidelines range found by the Court at sentencing.

6. **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant

also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

7. **Immunity from Further Prosecution in This District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement of Facts. This Plea Agreement and Statement of Facts does not Confer on the defendant any immunity from prosecution by any state government in the United States.

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement of Facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the Indictment as an offense. In such a prosecution, the United States may allege and prove conduct described in the Indictment or Statement of Facts. "Crime of violence" has the meaning set forth in 18 U.S.C. § 16.

8. **Dismissal of Other Counts**

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts pending against this defendant at the conclusion of this defendant's sentencing hearing.

9. **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613 and 18 U.S.C. § 3572, all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties. If the defendant is incarcerated, the defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

10. **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A).

The defendant further understands and agrees that, pursuant to 18 U.S.C. § 3014, if the Court should find that the defendant is non-indigent, the Court shall impose an additional special



assessment on the defendant of $5,000 per count of conviction for each offense listed in Section 3014(a). However, that special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim compensation arising from the criminal convictions on which the special assessment is based.

The defendant further understands and agrees that, pursuant to 18 U.S.C. § 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall impose on the defendant any applicable special assessments per count of conviction for each offense listed in Section 2259A(a) after considering the factors set forth in Sections 3553(a) and 3572. However, imposition of an assessment under Section 2259A does not relieve a defendant of, or entitle a defendant to reduce the amount of any other penalty by the amount of the assessment. Any money received from a defendant shall be disbursed based on the sequence listed in Section 2259A(d)(2).

11. **Restitution**

The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 2259, and the defendant agrees to the entry of a restitution order for the full amount of the victims' losses as those losses are defined by Section 2259(c)(2). Pursuant to 18 U.S.C. § 3663(a)(3), the defendant further agrees that victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct are victims within the meaning of 18 U.S.C. § 2259(c) and are entitled to restitution. The defendant understands that, pursuant to Section 2259(b)(2)(B), the Court must order restitution to each victim in an amount not less than $3,000.

7



12. **Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any assets that the defendant owns or over which the defendant exercises control, directly or indirectly, that are child pornography related including any visual depictions constituting child pornography as defined in Title 18, United States Code, Sections 2253 or 2256, any property, real or personal, constituting or traceable to, derived from, fungible with, or a substitute for, gross profits or other proceeds obtained from the offense(s) of conviction, as well as any property, real or personal, used or intended to be used to commit or to promote the commission of the offense(s) of conviction, or any property traceable to such property including but not limited to the following property:

- An Apple iPad, S/N: DLXY87EWKC51

The defendant agrees to the forfeiture of the aforementioned assets in their entirety, including all data contained on the assets. The defendant understands that, if proceeds of the offense(s) are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds or forfeit substitute assets. *See United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014). The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct



described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

13. **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture.

14. **Sex Offender Registration and Notification Act**

The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where the defendant resides; is an employee; or is a student. The defendant understands that the requirements for registration include providing true name, residence address, and names and addresses of any places where the defendant is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which

the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

15. **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement, however, the defendant may not withdraw the guilty plea entered pursuant to this agreement.

    b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

    c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided or statements made by the defendant and all such information, statements and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other




statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which time the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

16. **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty.



Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Jessica D. Aber<br>
United States Attorney

By: _____
Peter Osyf
Assistant United States Attorney

<u>Defendant's Signature</u>: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Indictment. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 5/18/2023                    _____
                                   CHRISTOPHER SCOTT JONES
                                   Defendant

<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant the defendants' rights with respect to the pending Indictment. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 18 May 2023                  _____
                                   Kirsten R. Kmet
                                   Counsel for the Defendant

12

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 4:23-cr-32 |
| DEFENDANT=S NAME: | CHRISTOPHER SCOTT JONES |
| PAY THIS AMOUNT: | $200.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3. **PAYMENT SHOULD BE SENT TO:**

| | In person (9 AM to 4 PM) |
|---|---|
| Alexandria cases: | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 |
| Richmond cases: | Clerk, U.S. District Court<br>1000 E. Main Street, #307<br>Richmond, VA 23219 |
| Newport News cases: | Clerk, U.S. District Court<br>2400 West Avenue, Suite 100<br>Newport News, VA 23607 |
| Norfolk cases: | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5. **ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT**

13

