

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:23-cr-32 |
| | ) | |
| CHRISTOPHER SCOTT JONES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>STATEMENT OF FACTS</u>

If the United States were to try this case, the evidence that would be proved beyond a reasonable doubt would be:

1.     On or about July 15, 2022, police officers with the James City County Police Department (JCCPD) were dispatched to the Velocity Urgent Care located in Williamsburg, Virginia in reference to an incident involving the organization, Predator Poachers, and the defendant, CHRISTOPHER SCOTT JONES.

2.     Predator Poachers is a privately owned and operated organization founded in 2019 that tracks individuals who attempt to meet with minors for sexual activity.

3.     When JCCPD officers arrived on scene, they were met by three members of Predator Poachers, A.R., J.Z., and P.R.

4.     A.R. provided JCCPD with voluminous screenshots of Instagram and Telegram messages between A.R. and JONES from on or about March 16, 2022, through to July 15, 2022. Throughout their messaging, A.R. posed as a minor.  JONES, age 42 at the time, acknowledged

A.R.'s purported age but still elected to meet with A.R. in Williamsburg for the express purpose of having sexual intercourse on what JONES thought was A.R.'s twelfth birthday.

5.      When JONES arrived to have sex with A.R., he was confronted by A.R., J.Z., and P.R. who questioned JONES why he was meeting to have sex with a twelve-year-old. The Predator Poachers videotaped and live-streamed the confrontation as well as called JCCPD.

6.      JCCPD obtained a search warrant for JONES' vehicle and confirmed that on his way to meet A.R., JONES stopped at a CVS Pharmacy and purchased contact solution, Listerine strips, and a three-ounce bottle of AstroGlide, premium, silicone gel, personal lubricant.

7.      When asked by JCCPD if JONES knew why JCCPD was at the scene, JONES replied, "of course I do." JCCPD asked JONES, "what's that?" to which JONES replied, "oh, some stupid shit that I got myself into."

8.      JCCPD arrested JONES for the attempted rape of a child less than 13 years old.

9.      JCCPD seized JONES' cellular phone and noticed that it appeared to have been factory reset. When JCCPD asked JONES if JONES factory reset his phone, JONES responded by smirking at the investigator.

10.     JCCPD also lawfully seized an Apple iPad from JONES' residence which contained sexually explicit messages with an unknown suspected minor.

11.     JCCPD turned JONES' case over to the Federal Bureau of Investigation (FBI) for further investigation.

12.     Using a number of investigative techniques to include but not limited to subpoenas and federal search warrants, the FBI confirmed JONES' messages with A.R. as well as JONES' illicit messages with Jane Doe #1, K.J., an actual minor. At the time of the illicit text exchanges with JONES, K.J. was 16 years old.

13.     The content of the messages between JONES and K.J. violated Section 18.2-374.3 of the Code of Virginia, Use of Communications Systems to Facilitate Certain Offenses Involving Children.

14.     JONES knew K.J. was only 16 years old at the time.

15.     JONES used a facility or means of interstate commerce to persuade, induce, entice, or coerce K.J. to engage in sexual activity.

16.     K.J., along with five (5) other suspected victims, all minors, were forensically interviewed by an FBI Child Adolescent Forensic Interviewer (CAFI).

17.     K.J. disclosed a long-standing, physical, sexual relationship with JONES to CAFI, to include inappropriate sexual contact and the mutual exchange of sexually explicit images to one another from about October 2021 to July 2022.

18.     Two (2) of the five (5) other suspected victims disclosed inappropriate sexually explicit contact with JONES to CAFI.  One included digital penetration by JONES of the then approximately 7-year-old female.

19.     The other three (3) suspected victims did not disclose any illicit contact with JONES to CAFI.

20.     FBI confirmed the receipt of six (6) images of child pornography – specifically, sexually explicit images of K.J. – on JONES' devices.  K.J. confirmed the images were of her.

21.     The defendant admits that on or about February 6, 2022, in the Eastern District of Virginia, he did use facilities and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years—to wit: Jane Doe #1, a sixteen-year-old female at the time of the offense—to engage in any sexual activity for which any person could be charged with a criminal offense, including Section 18.2-

374.3 of the Code of Virginia (use of communications systems to facilitate certain offenses involving children), in violation of Title 18, United States Code, Section 2422(b).

22.     The defendant further admits that on or about February 22, 2022, in the Eastern District of Virginia, he knowingly received material containing an image of child pornography as defined by 18 United States Code § 2256(8), to wit: "1FDAA4C5-D9FA-4AAE-9EE6-9AA44A7507A8.HEIC" an image file depicting actual and simulated lascivious exhibition of a nude pubescent juvenile female's genitals and pubic area, that had been mailed using any means and facility of interstate and foreign commerce shipped and transported in or affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2) and (b)(1).

23.     All of the events described occurred in the Eastern District of Virginia.

\

4



24.     The acts described above taken by defendant, CHRISTOPHER SCOTT JONES, were done willfully, knowingly, intentionally, and unlawfully and not by accident, mistake or other innocent reason.  The defendant further acknowledges that the foregoing statement of facts covers the elements of the offenses charged but does not describe all of the defendant's conduct relating to the offenses charged in this case.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____

Peter Osyf
Assistant United States Attorney
VA Bar No. 86597
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
(757) 591-4000
peter.osyf@usdoj.gov

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is a partial summary of the evidence which is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____     5/18/2023
CHRISTOPHER SCOTT JONES          Date
Defendant

I am CHRISTOPHER SCOTT JONES' attorney.  I have carefully reviewed the above Statement of Facts with him.  To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____     5/18/2023
Kirsten R. Kmet                  Date
Counsel for the Defendant

5