IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO. 4:23CR32 |
| | ) |
| CHRISTOPHER SCOTT JONES, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## **DEFENDANT'S POSITION ON SENTENCING**

COMES NOW the defendant, Christopher Scott Jones, by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the *Sentencing Guidelines and Policy Statements* as well as this Court's Sentencing Procedure Order, and hereby represents that he has reviewed the United States Probation Officer's Presentence Investigation Report ("PSR") and he has no outstanding objections to the Report. Accordingly, he respectfully states his position with respect to the sentencing factors.

**Overview of Sentencing Request**

Mr. Jones is before this Honorable Court having accepted full responsibility for his criminal behavior. Despite the wrongfulness of his actions, neither Mr. Jones nor society will benefit from the imposition of an extended prison term. He needs treatment, counseling, and supervision. If he gets the treatment and counseling that he needs now, he will be able to stabilize his behavior and move forward without issue. A sentence of 120 months of incarceration on Count One, and 60 months of incarceration on Count Seven, to run concurrently with the sentence imposed on Count One, would adequately promote respect for the law and reflect the seriousness of his offense and

would best aid his future success under the supervision of this Honorable Court. Said sentence would accomplish the purposes set forth in 18 U.S.C. § 3553(a) to impose a sentence that is "sufficient but not greater than necessary."

### I. Sentencing Argument

Pursuant to *United States v. Booker*, 125 S.Ct. 738, 757 (2005) and 18 U.S.C. §3553(a), this Court may consider permissible statutory factors such as: the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from future crimes of the defendant, and to provide the defendant with reasonable rehabilitative opportunities, the kinds of sentences available, the guideline range, the need to avoid unwanted sentencing disparities, and the need for restitution.

In reviewing the advisory guidelines, a district court may not presume the reasonableness of the guidelines range. *Gall v. United States*, 552 U.S. 38, 50 (2007). Rather, the court may impose a variance sentence outside the guidelines range with consideration of the extent of, and justification for, the deviation. *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007). Mr. Jones's request to impose the statutory minimum sentence of one hundred twenty (120) months of incarceration is justified by the considerations below.

### A. Mr. Jones's History and Characteristics

Mr. Jones is forty-three (43) years of age. He was born to the marital union of his parents, and he has four siblings. He is estranged from his brothers and his father, but he enjoys a close and supportive relationship with his mother, who resides in Texas. Despite the federal prosecution, his mother remains supportive and maintains daily contact with Mr. Jones.

During his formative years, Mr. Jones focused on his education and his love of music. He and his siblings formed a band, and they would perform at competitions and for the elderly at community centers. PSR ¶ 61.

Mr. Jones enjoyed notable scholastic achievements and successfully pursued his education at the college level, obtaining an Associate of Applied Science Degree in fire science technology. Mr. Jones also successfully obtained a paramedic certification from Virginia Commonwealth University. Mr. Jones would like to further his education and pursue a major in emergency management and environmental health and safety. PSR ¶¶ 75-77.

Mr. Jones has a long-standing and successful history of employment. From 2005 until 2022, Mr. Jones was gainfully employed with the Newport News Fire Department, where he last served as a Fire Lieutenant. Mr. Jones also served as an emergency room technician at Riverside Regional Medical Center from 2016 until 2022. From 2010 until 2016, Mr. Jones served as a health services manager at Busch Gardens. PSR ¶¶ 81-83.

**B. Nature and Circumstances of the Offense**

The offense conduct is sufficiently detailed in paragraph ten of the PSR. Mr. Jones timely notified the government of his intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. Mr. Jones has accepted responsibility for his actions. PSR ¶ 24.

**C. Need for Sentence Imposed Pursuant to 18 U.S.C. § 3553(a)(2)**

18 U.S.C. § 3553(a)(2) requires a sentencing court to impose a sentence that reflects the seriousness of the offense; promotes respect for the law; and provides just punishment, adequate deterrence, and necessary training.

1. <u>Seriousness of the Offense; Respect for the Law; Just Punishment</u>

Mr. Jones has accepted responsibility for his criminal conduct. Prior to the criminal behavior associated with this case, Mr. Jones had never been arrested and he has no prior criminal convictions. Mr. Jones has a criminal history score of zero, which yields a criminal history category of I. PSR ¶ 52-55.

Overall, Mr. Jones has been a generally law-abiding citizen, and for the most part, he has been compliant with authority and seems capable of living a law-abiding lifestyle. This is corroborated by his impeccable work history and his seventeen years of honorable service with the Newport News Fire Department, where he was a Fire Lieutenant. PSR ¶ 81. Thus, the requested sentence adequately reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

2. <u>Adequate Deterrence; Training and Rehabilitation</u>

The requested sentence would provide adequate deterrence because of his low risk of recidivism related to his general compliance with the law, age upon release, and willingness to rehabilitate.

The innumerable collateral consequences of this offense will serve as additional measures of deterrence and retribution for his actions. As a consequence of his guilty plea to this offense, Mr. Jones will be a federal convicted sex-offender and felon. Additionally, he will be supervised, placed upon the sex offender registry, and prevented from working in many fields of employment. His life will be changed forever. More punishment would merely be destructive, wasteful, and simply unnecessary. For this reason, the collateral consequences must be considered in his overall punishment.

The sentence requested will allow Jones to receive much needed mental health and sex offender treatment. Mr. Jones acknowledges his need for such treatment, as well as his openness to receiving it.

Furthermore, the fact that Mr. Jones has no criminal history points and his criminal history category of I place him at a substantially reduced risk of recidivism and therefore, the requested term of incarceration is adequate deterrence to achieve the goals set forth in 18 U.S.C. § 3553(a)(2). *See* United States Sentencing Commission, *The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders*, at 14 (March 2017) ("Overall, an offender's total criminal history score is a strong predictor of recidivism. Rearrest rates range from a low of 30.2 percent of offenders with zero criminal history points to a high of 85.7 percent for offenders with 15 or more criminal history points."). Moreover, his recidivism risk is further ameliorated because of his healthy support network and supportive family.

Lastly, a sentence of one hundred twenty (120) months on Count One and sixty (60) months on Count Seven, to run concurrently with the sentence imposed on Count One, is sufficient to achieve deterrence because research indicates that increases in the *severity* of punishment are far less important to producing deterrent effects than the *certainty* of punishment (if severity is relevant at all). *See* Wright, *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment*, 1. Indeed, virtually no empirical data suggests that harsher (*i.e.*, lengthier) sentences achieve better general deterrence than moderate sentences. After reviewing the available evidence on whether harsher sentences deter, Professor Doob asked and answered the following question:

> Can we conclude that variation in the severity of sentences would have differential (general) deterrent effects? Our reply is a resounding no. We could find no conclusive evidence that supports the hypothesis that harsher sentences reduce crime through the mechanism of general deterrence. Particularly given the significant body of literature from which this conclusion is based, the

> consistency of the findings over time and space, and the multiple measures and methods employed in the research conducted, we would suggest that a stronger conclusion is warranted. More specifically, the null hypothesis that variation in sentence severity does not cause variation in crime rates should be conditionally accepted.

Anthony N. Doob & Cheryl Marie Webster, *Sentence Severity and Crime: Accepting the Null Hypothesis*, 30 Crime & Just. 143, 187 (2003). Indeed, "[t]he findings regarding general deterrence are relatively settled":

> The existing data show that in the absence of the threat of punishment for criminal conduct, the social fabric of society would readily dissipate; crime would escalate and overwhelmingly frustrate the capacity of people to lead happy and fulfilled lives. Thus, general deterrence works in the absolute sense: there is *a connection* between criminal sanctions and criminal conduct. However, there is insufficient evidence to support a direct correlation between higher penalties and a reduction in the crime rate.… It is counter-intuitive to suggest that higher penalties will not reduce the crime rate. However, the evidence is relatively definitive.

Mirko Bagaric, *A Rational Theory of Mitigation and Aggravation in Sentencing: Why Less Is More When It Comes to Punishing Criminals*, 62 Buff. L. Rev. 1159, 1202-03 (2014) (footnotes omitted). In sum, "studies repeatedly show that awareness of potentially severe sanctions does not produce less crime." *Id.* at 1203. So general deterrence "does not require a particularly burdensome penalty, merely one that people would seek to avoid," which "could be satisfied by a fine or a short prison term." *Id.* at 1205.

For the reasons stated above, a sentence of one hundred twenty (120) months on Count One and sixty (60) months of incarceration on Count Seven, to run concurrently with the sentence imposed on Count One, would sufficiently accomplish retributive, rehabilitative, and deterrence goals, and anything longer would be unnecessary.

## **CONCLUSION**

For the foregoing reasons, Mr. Jones respectfully requests the aforementioned sentence, as such a sentence would be sufficient, but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

CHRISTOPHER JONES

By:_____/s/_____

Kirsten R. Kmet
VSB No.: 47786
Attorney for Christopher Jones
Assistant Federal Public Defender
Office of the Federal Public Defender
500 East Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: (757) 457-0850
Facsimile: (757) 457-0880
Email: kirsten_kmet@fd.org

## **CERTIFICATE OF SERVICE**

      I certify that on the 12th day of September 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Peter G. Osyf, Esquire
> Assistant United States Attorney
> United States Attorney's Office
> 721 Lakefront Commons, Suite 300
> Newport News, Virginia 23606
> Telephone: (757) 591-4000
> Email: peter.osyf@usdoj.gov

And I hereby certify that I will email the document to the following non-filing user:

> Latriston Cox
> United States Probation Officer
> United States Probation Office
> 600 Granby Street, Suite 230
> Norfolk, Virginia 23510
> Email: Latriston_cox@vaep.uscourts.gov

                                                 /s/
                                      Kirsten R. Kmet
                                      VSB No.: 47786
                                      Attorney for Christopher Jones
                                      Assistant Federal Public Defender
                                      Office of the Federal Public Defender
                                      150 Boush Street, Suite 403
                                      Norfolk, Virginia 23510
                                      Telephone: (757) 457-0850
                                      Facsimile: (757) 457-0880
                                      Email: kirsten_kmet@fd.org