IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 4:23-cr-32 |
| ) | |
| CHRISTOPHER SCOTT JONES, ) | |
| ) | |
| Defendant. ) | |

## SENTENCING POSITION OF THE UNITED STATES

The United States by and through counsel, Assistant United States Attorney Peter G. Osyf, files this Position on Sentencing. For the reasons set forth *infra* and to be argued at sentencing, the United States respectfully recommends a sentence consistent with the high-end of the properly calculated advisory guidelines range.[1]

**Statutory Considerations**

The defendant pleaded guilty on May 18, 2023, to Coercion and Enticement of a Child, 18 U.S.C. § 2422(b), which carries a mandatory minimum term of imprisonment of 10 years, and a maximum possible term of Life imprisonment. The defendant also pleaded guilty to Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2), which carries a mandatory minimum term of imprisonment of 5 years, and a maximum possible term of 20 years' imprisonment. The Court may sentence the defendant to any term of years of imprisonment greater than 10 years up to Life.

---

[1] There is an unresolved objection to the defendant's Presentence Investigation Report, (ECF No. 28), that must be resolved at sentencing. Pending the ruling of the Court on this issue, defendant's properly calculated advisory guidelines range will either remain 324 to 405 months (PSR at 21) or be revised to 262 to 327 months (PSR at 29).

1

**Impact of the Plea Agreement**

The parties entered into a plea agreement and the United States acknowledges the defendant's acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels pursuant to U.S.S.G. § 3E1.1(a). Additionally, because the defendant's timely notification of his intention to enter a plea of guilty, permitted the United States to avoid preparing for trial and permitted the United States and the court to allocate their resources efficiently, the United States filed a motion for an additional point reduction under U.S.S.G. § 3E1.1(b).

**Sentencing Guidelines Calculation**

The United States Probation Department prepared a pre-sentence report (PSR) which detailed both offenses of conviction and the characteristics of the defendant as they pertain to each count.

In calculating the offense level for Count One, Coercion and Enticement of a Child, the probation office assigned a base offense level of 28 under U.S.S.G. § 2G1.3(a)(3). A 2-point enhancement applied pursuant to U.S.S.G. § 2G1.3(b)(1)(A) because the defendant was a parent, relative, or legal guardian of the minor. An additional 2-point enhancement was added pursuant to U.S.S.G. § 2G1.3(b)(2)(B) because a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct. Under U.S.S.G. § 2G1.3(b)(3)(A) and (B), another 2 points were added to the defendant's offense level because the offense involved the use of a computer or an interactive computer service to (A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct; or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor. Pursuant to U.S.S.G. § 2G1.3(b)(4)(A), 2 additional points were attributed to defendant's offense level because the offense involved the commission of a sex act or sexual contact. Another 2-point enhancement was added pursuant to

U.S.S.G. § 3C1.1 because the defendant willfully obstructed or impeded the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct was related to the instant offense of conviction and relevant conduct. These enhancements increased the defendant's adjusted offense level for Count One to 38. (PSR ¶¶ 27 - 35).

In calculating the offense level for Count Seven, Receipt of Child Pornography, the probation office assigned a base offense level of 22 under U.S.S.G. § 2G2.2(a)(2). The defendant's offense level was increased by 5 points pursuant to U.S.S.G. § 2G2.2(b)(5) because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. An additional 2-point enhancement was added pursuant to U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material or for access with intent to view the material. Under U.S.S.G. § 3C1.1, another 2 points were added because the defendant willfully obstructed or impeded the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct was related to the instant offense of conviction and relevant conduct. These enhancements increased the defendant's adjusted offense level for Count Seven to 31. (PSR ¶¶ 36 - 43).

Next, the probation officer calculated the defendant's combined adjusted offense level of 39 using U.S.S.G. § 3D1.4. (PSR ¶¶ 44 - 47). After calculating the multiple count adjustment, the probation officer determined the defendant qualifies as a "repeat and dangerous sex offender against minors" pursuant to U.S.S.G. § 4B1.5(b)(1). (PSR ¶ 48). Thus, a 5-point enhancement elevated defendant's offense level to 44. Applying the 3-point reduction addressed above, the defendant's total offense level is 41.

The probation officer also calculated a criminal history level for the defendant. Because the defendant has no prior convictions, he received a total criminal history score of zero (0) which

establishes a criminal history category of I pursuant to U.S.S.G. Chapter 5, Part A.

As a criminal history category I defendant with an offense level of 41, the defendant's properly calculated advisory guidelines range is 324 - 405 months.

**Unresolved Objection to the PSR**

The defendant maintains his objection to being attributed with a 2-point enhancement for obstruction of justice pursuant U.S.S.G. § 3C1.1. Defendant's objection should be overruled and his properly calculated advisory guidelines range should remain 324 - 405 months.

<em>3C1.1 Obstruction of Justice Enhancement</em>

Section 3C1.1 of the U.S.S.G. reads:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

Providing guidance as to the enhancement's applicability, the Commentary Notes expressly set forth "Examples of Covered Conduct." This list includes the

> destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (e.g., shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence), or attempting to do so; however, if such conduct occurred contemporaneously with arrest (e.g., attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it results in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender.

U.S.S.G. 3C1.1 cmt. n. 4(D).

The basis for defendant's objection is unclear. Defendant's conduct, i.e., factory resetting his phone, most certainly destroyed evidence that was material to an official investigation, or, at minimum, was an attempt to do so. The government is left with speculating defendant's argument must be that the enhancement does not apply because his "conduct occurred contemporaneously with arrest." *Id*. While the government concedes the truth of this fact, defendant's argument still must fail. True, defendant's conduct "shall not, ***standing alone***, be sufficient to warrant an adjustment for obstruction" if it occurred contemporaneously with his arrest, (*Id*. (emphasis added)), however, it does apply when the contemporaneous-to-arrest conduct "results in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender." *Id*. The facts here are clear.

In July of 2022, the defendant found himself confronted by the James City County Police Department, (JCCPD), because of his communications with the organization Predator Poachers. (PSR ¶ 10-1). This began the JCCPD's investigation of the defendant's alleged conduct of attempting to meet with an individual – who the defendant thought was twelve years old – for the express purpose of having sexual intercourse. (PSR ¶ 10-4). Knowing the contents of his phone, the defendant factory reset it before it was seized by JCCPD upon the defendant's arrest. JCCPD was also able to seize an Apple iPad from the defendant which the defendant had not had an opportunity to factory reset once JCCPD began its investigation. JCCPD found the defendant's iPad to contain Instagram messages which contained sexually explicit messages with an unknown suspected minor. (PSR ¶¶ 10-10 & 14). But it was several months later when one of the defendant's victims, Jane Doe 1, came forward producing text exchanges, in addition to the same Instagram messages, that law enforcement was able to confirm her identity and the greater extent of the defendant's illicit conduct. Had law enforcement had access to the contents of defendant's phone in July of 2022, it is almost a certainty that Jane Doe 1 – and perhaps others –

would have been identified months earlier.

As noted above, the United States is unclear as to the basis for defendant's objection, however, it will be prepared at sentencing to address any caselaw or arguments the defendant raises in his position paper.

The defendant willfully obstructed or impeded the administration of justice with respect to the investigation of the instant offense of conviction and the obstructive conduct related to the defendant's offense of conviction, relevant conduct, or a closely related offense. *See* U.S.S.G. 3C1.1. The 2-point enhancement was applied properly by the United States Probation Office and the defendant's objection should be overruled.

**Statutory Sentencing Factors under 18 U.S.C. § 3553(a)**

The United States will now address the statutory factors that support its recommendation for a sentence consistent with the high-end of the properly calculated advisory guidelines range.

A.  Nature of the Offense

Few, if any, criminal offenses so shock the consciousness of humanity as those involving the sexual exploitation of the most vulnerable and innocent members of society. The defendant's offense of conviction involves one of the most egregiously disturbing of these types of violations, the coercion and enticement of a child. Far more common are the only slightly less-chilling offenses of receipt, distribution, or possession of child pornography, of which defendant is also guilty here (receipt of child pornography). Acts where the common plea of those offenders is that the judicial system should show mercy because their crimes fall short of *directly* impacting victims like those who are "hands-on" offenders. Here, the defendant can make no such empty claim. In addition to the unknown number of children's lives he indirectly affected as a voyeur who perpetuated and fed the multimillion-dollar international industry of child pornography, fueling the global epidemic of sex trafficking minors, the offense of conviction here will leave

much deeper scars. The conduct of the defendant has completely and directly shattered the worlds of those for whom he should have cared and loved most, his family. The nature of the relationships with the victims here means the catastrophic repercussions from defendant's actions will negatively impact lives long after he is released from incarceration. The victimization of the children in defendant's life who trusted him will suffer from his conduct in ways that can take a lifetime from which to recover, if ever at all.

The nature of the defendant's offense is abhorrent, creating lifelong damage in the innocent, and should weigh heavily upon the Court's consideration.

  B. History and Characteristics of the Defendant

The defendant is a 43-year-old male, born in Williamsburg, Virginia. (PSR at 3 and ¶ 58). By all accounts, the defendant seems to have enjoyed a quality upbringing within a loving and supportive family, one in which he grew up in "a nice neighborhood" with a "really good education system" and did not suffer "any history of abuse with the family" consisting of four siblings. (PSR ¶¶ 59-60). His father was "stern" but not abusive and the defendant "has a great relationship with his mother." (PSR ¶¶ 58-60). The defendant and his siblings formed a band, the "RJ Crew," and would "participate in competitions and played for the elderly at local centers" with their as manager. (PSR ¶ 61). The defendant is married and fathered six daughters. (PSR ¶¶ 64-65).

Standing 5' 6" and weighing 205 lbs. with only some arthritis, some back issues, and some high blood pressure, for which he takes medication, the defendant is in generally good health. (PSR ¶¶ 68 - 71). Aside from his offenses of conviction, there is no evidence that the defendant suffers from any mental or emotional health issues outside of an unverified diagnosis of general anxiety. (PSR ¶¶ 72-73). The defendant also does not suffer from any substance abuse issues. (PSR ¶ 74).

The defendant graduated Bruton High School and obtained an Associate of Applied Science degree on May 8, 2017, from Tidewater Community College in Norfolk, Virginia, with a cumulative grade point average of 3.129. (PSR ¶¶ 75-76). Community College for a semester in 1996 and another semester in 2000 but had poor scholastic performance and did not complete his undergraduate schooling. (PSR ¶¶ 66 - 67). It appears that the defendant also obtained some type of paramedic certification in August 2019. (PSR ¶ 77).

The defendant has an uncharacteristically impressive employment history compared to similarly charged defendants, to include 6 years as an emergency room technician with Riverside Regional Medical Center and 17 years as a full-time fire lieutenant with the Newport News Fire Department. (PSR ¶¶ 79-84).

The defendant's criminal history is laid out *supra*.

The defendant's history and characteristics should trouble the Court. There is simply no excuse, nor even mere semblance of an explanation, for the defendant's conduct here. He is a smart, educated, capable man, grew up in a loving and supportive environment, is physically healthy, has no history of mental or emotional health issues, and cannot even blame substances abuse problems for his choices. And his choices are some of the worst imaginable. The defendant is not a victim by any means, and those who are in this story, are suffering, and will continue to, indefinitely.

    C.    Need for Just Punishment

There are few offenses more deserving of or in need for just punishment than defendant's offenses of conviction, particularly given not just the conduct, but the significant relationships with the victims. (PSR ¶¶ 14-17). The defendant did not just violate the law, but the bonds and trust of relationships that should have been sacred.

D.    Deterrence

The two types of deterrence at issue are general and specific.   On the issue of general deterrence, the public must have confidence that the activities of the defendant are treated with the utmost seriousness. The public must look at the actions of the defendant – coercion and enticement of a child and receiving child pornography – and know that such conduct commands a significant punishment.    Those inclined to consider committing crimes like those of the defendant must be made to pause and think of the consequences that follow. A term of imprisonment consistent with the high-end of the properly calculated advisory guidelines range is sufficient to properly deter the public generally from committing such offenses.

As for specific deterrence, the government is skeptical that any term of imprisonment may sufficiently deter the defendant from committing similar future offenses.    His offense conduct is reprehensible, but the manner in which he lived his life throughout, and even once apprehended, is chilling. Similarly situated defendant's accept responsibility immediately.   They also tend to live lives indicating an awareness of their socially unacceptable predilections – in relative solitude, in the shadows, generally quiet and anti-social.   Defendant's behavior was, and continues to be, far different, brazenly overt at times yet carefully crafted to deceive all those around him.   The defendant was ultimately caught because of his communications with the Predator Poachers which, as it turns out, was merely the tip of a depraved iceberg floating in the vast sea of defendant's illicit conduct.   When confronted by law enforcement, he deftly responded to their questions and factory reset his phone. And over and again when asked to explain his conduct, his smiling response remains simply that he was always "very open" with his victims.   The defendant lived a dubious double life and fooled all those around him.   He covered his tracks, advised Jane Doe 1 to delete their texts. Thankfully, he slipped up. But the fact remains that the scope of defendant's conduct will likely never be fully known.

The defendant was aware enough of his illicit compulsions to carefully deceive all those close to him while subtly flaunting it in their faces. The defendant seems unremorseful, and, in such cases, specific deterrence may never be achieved.

E.     Need to Protect Society

The community is owed a duty by this honorable Court and its government to be protected by those willing and compelled to prey upon the most vulnerable members of society. Defendant's behavior addressed above, and the fact that he may never be sufficiently specifically deterred from his compulsions, only underscores the importance of this sentencing factor. If the defendant's illicit desires cannot be quelled and he is so capable of avoiding detection, the Court must prioritize protecting members of society from his conduct, especially when those targeted members are young children. If the defendant was willing and able to victimize the children in this case, what could possibly dissuade him from harming another?

F.     Avoiding Sentencing Disparities

The sentencing range for defendants of sexual crimes against children is vast and the Court should consider the advisory guideline range specific to this defendant as an appropriate starting point.   Defendant's offense level before his 3-point reduction for acceptance is quite literally off the sentencing chart. Were it not for his pleading guilty and sparing his victims the hardship of a trial here, his appropriate guidelines sentence would be Life. Upon consideration of the egregious facts specific to this case, the lack of **any** mitigating factors here, and the government's concerns above, a sentence consistent with the high-end of the properly calculated advisory guidelines range is warranted, fair, just, and reasonable.

**Conclusion**

The United States is primarily concerned with the safety of the community's children. For the safety of the community and children around the world who are innocent victims of an unconscionable industry perpetuated by the defendant's indirect and direct conduct, a term of imprisonment consistent with the high-end of the properly calculated advisory guidelines range is sufficient but not greater than necessary to accomplish the goals of sentencing in this case.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:     /s/
Peter G. Osyf
Assistant United States Attorney
Virginia State Bar No. 86597
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lake Front Commons
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
peter.osyf@usdoj.gov

Certificate of Service

      I certify that on September 12, 2023, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system who will send notification of such filing (NEF) to all counsel of record.

By:     /s/
Peter G. Osyf
Assistant United States Attorney
Virginia State Bar No. 86597
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lake Front Commons
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
peter.osyf@usdoj.gov