```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF VIRGINIA
 2                         Newport News Division

 3

 4   - - - - - - - - - - - - - - - - - -
                                        )
 5     UNITED STATES OF AMERICA         )
                                        )
 6     v.                               )      CRIMINAL ACTION NO.
                                        )           4:23cr32
 7     CHRISTOPHER SCOTT JONES,         )
                                        )
 8            Defendant.                )
                                        )
 9   - - - - - - - - - - - - - - - - - -

10

11

12                    TRANSCRIPT OF PROCEEDINGS
                       (Plea Agreement Hearing)

13                      Norfolk, Virginia

14                       May 18, 2023

15

16   BEFORE:  THE HONORABLE JAMAR K. WALKER
                United States District Judge
17

18

19   APPEARANCES:

20            UNITED STATES ATTORNEY'S OFFICE
              By:  Peter G. Osyf
21               Assistant United States Attorney
                 Counsel for the United States
22
              FEDERAL PUBLIC DEFENDER'S OFFICE
23            By:  Kirsten R. Kmet
                 Assistant Federal Public Defender
24               Counsel for the Defendant

25
```

Carol L. Naughton, Official Court Reporter

```
 1              (Proceedings commenced at 12:02 p.m.)
 2              THE CLERK:  United States of America versus
 3   Christopher Scott Jones in Criminal Action 4:23cr32.
 4              Mr. Osyf, is the government ready to proceed?
 5              MR. OSYF:  Thank you, Madam Clerk.  The
 6   United States is ready.
 7              Good afternoon, Your Honor.
 8              THE COURT:  Good afternoon.
 9              THE CLERK:  Ms. Kmet, is the defendant ready to
10   proceed?
11              MS. KMET:  Good afternoon, Your Honor.  Yes, we're
12   prepared to go forward, sir.
13              THE COURT:  Good afternoon.
14              Mr. Osyf, before we proceed, are there any
15   identifiable victims in this case?
16              MR. OSYF:  There are, Your Honor, and they have all
17   been notified of the hearing today.
18              THE COURT:  Do they have any objections or requests
19   to be heard?
20              MR. OSYF:  No, Your Honor.
21              THE COURT:  Thank you.
22              Mr. Jones, you can come forward to the podium.
23              You are before the Court for an anticipated plea to
24   two counts of the Indictment; Count One charging you with
25   coercion and enticement of a child, in violation of Title 18,
```

1  United States Code, Section 2422(b), and Count Seven charging

2  you with receipt of child pornography in violation of

3  Title 18, United States Code, Section 2252A(a)(2).

4           We're going to now have you sworn before I ask you

5  questions.

6           (The defendant was duly sworn.)

7           THE COURT:  Good afternoon.

8           THE DEFENDANT:  Good afternoon, sir.

9           THE COURT:  I will be asking you a number of

10  questions to make sure you are able to enter a guilty plea

11  today and that you understand what you're doing.

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  If you do not understand any of my

14  questions or if you need a moment to speak with Ms. Kmet,

15  please say so, and I'll clarify and/or give you an

16  opportunity to discuss it with her.  Okay?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  You just took an oath to tell the truth

19  here today.  Should you lie or mislead the Court in any way,

20  you could subject yourself to other charges for perjury or

21  making a false statement.  Do you understand this?

22           THE DEFENDANT:  Yes, Your Honor, I do.

23           THE COURT:  At any time during this hearing, you may

24  stop answering questions or stop this hearing, and you may

25  withdraw your plea up until the point that I accept it.  Do

1   you understand?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  However, if I accept your plea of

4   guilty, you will not be able to withdraw it except for what

5   is known as a fair and just reason, which is a difficult

6   standard to meet.

7          For example, if I accept a plea of guilty, it's not

8   enough for you to decide after the fact that you no longer

9   want to plead guilty or that you want to go to trial or that

10  you decide you may be facing a more severe punishment than

11  what you expected.

12         Do you understand?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Could you please state your full name.

15         THE DEFENDANT:  Christopher Scott Jones.

16         THE COURT:  Are you the person named in the

17  Indictment in this case?

18         THE DEFENDANT:  Yes, Your Honor, I am.

19         THE COURT:  How old are you?

20         THE DEFENDANT:  I am 43 years old, Your Honor.

21         THE COURT:  Where were you born?

22         THE DEFENDANT:  I was born in Williamsburg,

23  Virginia.

24         THE COURT:  How far did you go in school?

25         THE DEFENDANT:  I have an associate's degree.

```
 1              THE COURT:  Are you able to read, write, and
 2    understand the English language?
 3              THE DEFENDANT:  Yes, Your Honor.
 4              THE COURT:  Have you drunk any alcohol within the
 5    past 24 hours?
 6              THE DEFENDANT:  No, Your Honor.
 7              THE COURT:  Have you taken any drugs, prescription
 8    or otherwise, in the past 24 hours?
 9              THE DEFENDANT:  No, Your Honor.
10              THE COURT:  Are you currently under the influence of
11    any substance, whether it be alcohol, prescription drugs, or
12    illegal drugs, at this time?
13              THE DEFENDANT:  No, Your Honor.
14              THE COURT:  Are you currently being treated for any
15    mental or emotional disorder or addiction of any kind?
16              THE DEFENDANT:  No, Your Honor.
17              THE COURT:  Have you had sufficient time to speak
18    with Ms. Kmet to prepare for the hearing?
19              THE DEFENDANT:  Yes, Your Honor.
20              THE COURT:  Are you fully satisfied with what your
21    attorney has done for you at this point?
22              THE DEFENDANT:  Yes, Your Honor.
23              THE COURT:  Have you received a copy of the
24    Indictment in this case?
25              THE DEFENDANT:  I have, Your Honor.
```

```
1              THE COURT:  Have you read it?

2              THE DEFENDANT:  Yes, sir, I have.

3              THE COURT:  Did you have all your questions answered

4    regarding it?

5              THE DEFENDANT:  Yes, Your Honor, I have.

6              THE COURT:  Do you understand what you're being

7    charged with?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  In other words, do you understand what

10   the government is saying that you did?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Do you have a copy of a document

13   entitled "Plea Agreement" in front of you?

14             THE DEFENDANT:  I do, Your Honor.

15             THE COURT:  And the copy that is in front of the

16   Court, I see that you signed on Page 12; is that correct?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Did you also initial the bottom right

19   corner of each page?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Did you read that agreement and discuss

22   it with your attorney before you signed it?

23             THE DEFENDANT:  I did, Your Honor.

24             THE COURT:  Did Ms. Kmet give you an explanation of

25   what is contained within the Plea Agreement?
```

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Did you have all of your questions

3    answered regarding it?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Do you believe this Plea Agreement sets

6    forth the basic understanding of the negotiations between you

7    and the United States about your plea today?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Other than what is contained in this

10   Plea Agreement and the Statement of Facts, has anyone,

11   including a law enforcement officer, an attorney for the

12   United States, your own attorney, or anyone else, made any

13   promises or threats to you in order to get you to plead

14   guilty today?

15         THE DEFENDANT:  No, Your Honor.

16         THE COURT:  Do you understand that this decision

17   whether or not to plead guilty is your own personal decision?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  Do you understand that only you can make

20   that decision?

21         THE DEFENDANT:  I do, Your Honor.

22         THE COURT:  So is this your decision to plead guilty

23   today?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Mr. Osyf, were any plea offers made by

1    the government other than what is reflected in the Plea

2    Agreement before the Court today?

3            MR. OSYF:  No, Your Honor.

4            THE COURT:  Ms. Kmet, is that correct?

5            MS. KMET:  That's correct, Your Honor.

6            THE COURT:  Mr. Jones, do you understand that this

7    is the sole offer that has been made to you from the

8    United States?

9            THE DEFENDANT:  Yes, Your Honor.

10           THE COURT:  I want to make sure that you understand

11   the terms of this Plea Agreement.  We're not going to walk

12   through every single paragraph, but we'll walk through a

13   number of them to make sure you understand the rights that

14   you're giving up and the concessions that you'll receive from

15   the United States.

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  At its most basic level, you've agreed

18   to plead guilty to Counts One and Seven of the Indictment,

19   and the government has agreed to dismiss Counts Two through

20   Six at sentencing.

21           Have you been previously convicted of any

22   pornography, sex offense, or sex trafficking offenses related

23   to children?

24           THE DEFENDANT:  No, Your Honor.

25           THE COURT:  Do you understand that if convicted of

1  these charges, you stand subject to the following maximum

2  penalties:

3          For Count One, a mandatory minimum term of

4  imprisonment of ten years, a maximum term of life

5  imprisonment, a fine of $250,000, a term of supervised

6  release of not less than five years but up to life,

7  restitution for the full amount of the victims' losses,

8  forfeiture of assets, a $100 special assessment pursuant to

9  18 U.S.C. Section 3013, and a $5,000 special assessment

10 pursuant to 18 U.S.C. 3014(a);

11         On Count Seven, the maximum penalties are a

12 mandatory minimum term of imprisonment of five years, a

13 maximum term of imprisonment of 20 years, a term of

14 supervised release of not less than five years but up to

15 life, restitution for the full amount of the victims' losses,

16 forfeiture of assets, a $100 special assessment pursuant to

17 18 U.S.C. Section 3013, a $5,000 special assessment pursuant

18 to 18 U.S.C. Section 3014(a), and a $35,000 special

19 assessment pursuant to 18 U.S.C. Section 2259A(a)(2).

20         Do you understand that those are the maximum

21 penalties that you face?

22         THE DEFENDANT:  I do, Your Honor.

23         THE COURT:  Do you also understand that parole has

24 been abolished in the federal system, meaning that it no

25 longer exists?

```
1              THE DEFENDANT:  Yes, Your Honor.
2              THE COURT:  So that means that you will serve at
3     least 85 percent of the sentence that is imposed in this
4     case.  Do you understand that?
5              THE DEFENDANT:  Yes, Your Honor.
6              THE COURT:  I mentioned a moment ago the maximum
7     terms for supervised release for each count.  Do you
8     understand that supervised release means that once you get
9     out of prison, you will have to abide by certain conditions
10    and that if you fail to abide by those conditions, you could
11    be sent back to prison or subject to other conditions.  Do
12    you understand that?
13             THE DEFENDANT:  Yes, Your Honor.
14             THE COURT:  Now, in order to convict you of these
15    two offenses, starting with Count One, the government would
16    need to prove the following essential elements of the offense
17    beyond a reasonable doubt:
18             The use of a facility of interstate commerce to
19    knowingly persuade, induce, entice, or coerce a person, real
20    or fictitious, who you believe to be under the age of 18, to
21    engage in an illegal sexual activity for which a person can
22    be charged with a criminal offense.
23             In order to convict you of Count Seven, the
24    government would need to prove the following elements beyond
25    a reasonable doubt:
```

1          That you knowingly, that is, that you had knowledge

2    of the sexually explicit nature of the materials you received

3    as well as the involvement of minors in the materials

4    production; that you received child pornography; and that you

5    did so using any means in or affecting interstate or foreign

6    commerce including by a computer.

7          Do you understand that by pleading guilty, that you

8    are admitting to all of the following:

9          All of the essential elements of the offenses; that

10   the government can prove all of those offenses beyond a

11   reasonable doubt; that you are saying, in effect, that you

12   committed these offenses; and that you can never say again

13   that you did not?

14         Do you understand that you are admitting to all of

15   that?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  I want to direct your attention now to

18   paragraph 5 on Page 3.  Do you understand that the Plea

19   Agreement does not set forth any specific sentence that you

20   are going to receive?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  In other words, you are entering into

23   the Plea Agreement knowing that you must accept whatever

24   sentence is imposed by the District Court within the maximum

25   penalties allowed under the law as long as your plea is given

freely and voluntarily and there is a basis in fact for
accepting the Plea Agreement.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor, I do.

THE COURT:  Let's take a look at paragraph 6.

The law gives you a right to appeal your conviction
and sentence, but in this paragraph, you say you understand
this but that you are knowingly waiving your right to appeal
in exchange for certain concessions or benefits under the
Plea Agreement.  Is that correct?

THE DEFENDANT:  That is correct, Your Honor.

THE COURT:  Of course, you do not waive your right
to appeal for alleged constitutional violations pursuant to
what are called collateral actions, but do you also
understand that the Plea Agreement provides that, even though
the government may appeal from any sentence imposed, you
cannot do so; that you have waived your right to appeal this
conviction and any sentence imposed?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  By that I mean, you won't be able to
appeal even if you think the sentencing judge made a mistake
in deciding what facts apply or that the Court imposed a
sentence beyond what you expected to receive as long as it is
within the maximum penalties afforded by the law.  Do you
understand that?

THE DEFENDANT:  Yes, Your Honor.

1           THE COURT:  In that same paragraph, you have also

2    waived your right to directly or by a representative request

3    or receive information about the investigation and the

4    prosecution of this case.  Do you understand that?

5           THE DEFENDANT:  Yes, Your Honor.

6           THE COURT:  You've made those waivers under the

7    Freedom of Information Act and the Privacy Act.

8           Do you have any questions about those three waivers

9    that we have just discussed?

10          THE DEFENDANT:  No, Your Honor.

11          THE COURT:  In paragraph 7 on the next page, do you

12   understand that the United States has agreed not to further

13   prosecute you for any conduct contained within the Indictment

14   and the Statement of Facts?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Do you also understand that the promise

17   of the United States to refrain from prosecution only

18   includes prosecution in the Eastern District of Virginia and

19   does not give you immunity from any state government

20   prosecution within the United States; do you understand that?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  All right.  Let's skip ahead to

23   paragraph 10.  It starts at the bottom of Page 6 and goes

24   over to Page 7.

25          Now, the Court has already advised you of the

1    special assessments that might apply, but I wanted to

2    reiterate, as the Plea Agreement outlines, there's a $100

3    special assessment pursuant to 18 U.S.C.

4    Section 3013(a)(2)(A) that is mandatory.

5         There are also two other types of special

6    assessments.  The first requires the Court to make a

7    determination about whether or not you are indigent, meaning

8    that you lack the resources to pay the assessment.  If the

9    Court finds that you are not indigent, then you must pay an

10   additional special assessment of $5,000 per count of

11   conviction.  Do you understand that?

12        THE DEFENDANT:  Yes, Your Honor.

13        THE COURT:  The second type, which I went over when

14   discussing the maximum penalties for Count Seven, requires

15   the Court to evaluate factors such as your personal history

16   and characteristics or the burden that the imposition of a

17   fine might have on you and all of the other factors outlined

18   in 18 U.S.C. Section 3553(a) and 3572.

19        Once that evaluation is made, the Court shall assess

20   an amount that cannot exceed $35,000 and is consistent with

21   its review of those factors.  Do you understand that?

22        THE DEFENDANT:  Yes, Your Honor.

23        THE COURT:  Now moving to paragraph 11, the

24   paragraph on restitution.

25        Do you understand that you may be required to pay

1    restitution to all victims of your crimes and that an Order

2    of Restitution could be entered against you?

3              THE DEFENDANT:  Yes, Your Honor, I do.

4              THE COURT:  Here, you've agreed to the entry of a

5    restitution order for the full amount of the victims' losses;

6    is that correct?

7              THE DEFENDANT:  That is correct, Your Honor.

8              THE COURT:  Do you also understand that you've

9    agreed that restitution is owed to each victim in an amount

10   not less than $3,000, meaning that is the minimum amount of

11   restitution owed to each victim?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Turning your attention now to

14   paragraph 12.

15             Do you also understand that you've agreed to forfeit

16   all interests and any assets that are child pornography

17   related including any visual depictions containing child

18   pornography?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  You've agreed to forfeit any assets

21   which were intended to be used to commit or to promote the

22   commission of the offense of conviction.  Do you understand

23   that?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  And paragraph 12 on Page 8 lists an

1   Apple iPod that you've agreed -- iPad, excuse me, that you've

2   agreed to forfeit.  Is that correct?

3            THE DEFENDANT:  That is correct, Your Honor.

4            THE COURT:  You've also agreed to the entry of a

5   Consent Order of Forfeiture in this case.

6            In paragraph 13, do you understand that you are

7   agreeing to waive all constitutional and statutory challenges

8   to forfeiture as carried out in the Plea Agreement?

9            THE DEFENDANT:  Yes, Your Honor.

10           THE COURT:  Turning your attention now to

11  paragraph 14, which starts at the bottom of Page 9.  You are

12  also agreeing that you've been advised that you understand

13  that under the Sex Offender Registration and Notification

14  Act, you must register and keep the registration current in

15  any jurisdiction in which you reside, where you work, or

16  where you are a student.  Is that correct?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  Do you also understand that failure to

19  comply with any of the terms of paragraph 14 could result in

20  prosecution for failure to register under federal law; do you

21  understand that?

22           THE DEFENDANT:  Yes, Your Honor, I do.

23           THE COURT:  Finally, let's look at paragraph 15.

24           Do you understand that if you violate any provision

25  of the agreement, the United States would be released from

1    its obligations under the Plea Agreement but that you could

2    not withdraw your guilty plea in this case; do you understand

3    that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  The offenses you are pleading guilty to

6    are felony charges.  Have you ever been convicted of a felony

7    before?

8              THE DEFENDANT:  No, Your Honor.

9              THE COURT:  As a consequence of your plea to these

10   felony charges, you will be giving up some of your civil

11   rights.  That includes, for example, the right to vote, the

12   right to own and possess a firearm, the right to hold public

13   office.  Do you understand that by pleading guilty, you are

14   giving up these rights?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Having said that, do you still wish to

17   plead guilty?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  You mentioned earlier that you were born

20   in Williamsburg, Virginia; is that correct?

21             THE DEFENDANT:  That's correct, Your Honor.

22             THE COURT:  By pleading guilty, you are also waiving

23   a number of constitutional rights.  Do you understand that if

24   you enter a guilty plea, that means you are waiving, or

25   giving up, certain rights that you would have if you chose to

1    persist in a plea of not guilty and proceed to trial?

2         Those rights include the right to a speedy and

3    public trial with the assistance of counsel, the right to see

4    and hear all evidence against you, the right to confront and

5    cross-examine all witnesses, the right to use the power and

6    process of this Court to present evidence on your own but

7    also the right not to present evidence, the right to testify

8    at trial as well as the right to remain silent, and if you

9    chose to remain silent, the Court would instruct the jury

10   that no inferences could be made from your decision to remain

11   silent.

12        You would also have the right to plead not guilty

13   and to demand a jury trial wherein 12 citizens within the

14   Eastern District of Virginia would be brought in to court and

15   instructed by the Court that they must find you guilty beyond

16   a reasonable doubt of all of the elements of the offense and

17   that they must reach a unanimous verdict in order to convict

18   you of the offenses.

19        Do you understand that you are giving up all of

20   these rights?

21        THE DEFENDANT:  Yes, Your Honor.

22        THE COURT:  Do you also understand that a conviction

23   for these offenses will likely result in substantial future

24   restrictions on other things, such as the kind of work you

25   may do, where you may go, and with whom you may associate; do

1    you understand that?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  Have you had sufficient opportunity to

4    discuss with your attorney everything about your case,

5    including any and all possible defenses and the terms of the

6    Plea Agreement?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  Are you intending to plead guilty to

9    these charges because you are, in fact, guilty of what the

10   government says that you did?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  Do you understand that if I accept your

13   plea of guilty, the only issue remaining will be what

14   sentence the Court will impose in this case; a decision that

15   will be made by a District Court judge?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  In other words, if I accept your plea of

18   guilty, there will not be a trial.  Do you understand that?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  Have you discussed this fact with your

21   attorney?

22           THE DEFENDANT:  I have, Your Honor.

23           THE COURT:  Do you have a copy of a document called

24   the "Statement of Facts" in front of you?

25           THE DEFENDANT:  I do, Your Honor.

1          THE COURT:  The document that is in front of me with
2     that title, I see that you signed it on Page 5; is that
3     correct?
4          THE DEFENDANT:  That is correct, Your Honor.
5          THE COURT:  You also initialed the bottom of each
6     page in the right corner; is that correct?
7          THE DEFENDANT:  That is correct, Your Honor.
8          THE COURT:  Did you read the Statement of Facts
9     before you signed it?
10          THE DEFENDANT:  Yes, Your Honor.
11          THE COURT:  Did you discuss it with your attorney
12     before you signed it?
13          THE DEFENDANT:  I did, Your Honor.
14          THE COURT:  Does this Statement of Facts accurately
15     reflect what happened?
16          THE DEFENDANT:  Yes, Your Honor.
17          THE COURT:  Is it true that on or about February 6,
18     2022, in the Eastern District of Virginia, that you engaged
19     in sexual activity with a person who was a minor,
20     specifically a 16-year-old female, at the time of the
21     offense; is that correct?
22          THE DEFENDANT:  Yes, Your Honor.
23          THE COURT:  Is it also correct that on or about
24     February 22, 2022, in the Eastern District of Virginia, that
25     you knowingly received material containing an image of child

```
 1   pornography?  Is that correct?
 2           THE DEFENDANT:  Yes, Your Honor.
 3           THE COURT:  Are all of the facts in the Statement of
 4   Facts true?
 5           THE DEFENDANT:  Yes, Your Honor.
 6           THE COURT:  Mr. Osyf, are there any amendments that
 7   need to be made to the Statement of Facts?
 8           MR. OSYF:  No, Your Honor, thank you.
 9           THE COURT:  Ms. Kmet, are there any amendments that
10   need to be made?
11           MS. KMET:  No, sir, Your Honor.
12           THE COURT:  Mr. Jones, do you understand that the
13   Plea Agreement and the Statement of Facts constitute the
14   complete agreement between you and the United States on this
15   matter?
16           THE DEFENDANT:  Yes, Your Honor.
17           THE COURT:  In other words, there are no side deals;
18   is that correct?
19           THE DEFENDANT:  That is correct, Your Honor.
20           THE COURT:  Have you discussed with your attorney
21   how any sentence will be determined, how any sentence that
22   the Court might impose upon you will be determined?
23           THE DEFENDANT:  Yes, Your Honor, yes, I have.
24           THE COURT:  If I accept your guilty plea, I will
25   enter a Sentencing Procedures Order which will refer your
```

1    case to the United States Probation Office for the

2    preparation of what is called a Presentence Investigation

3    Report, which is commonly referred to as a PSR.  That report

4    is prepared for the sentencing judge.

5              Do you understand that the PSR will be used in part

6    to determine the advisory Sentencing Guidelines range in this

7    case?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  In order to arrive at that range, the

10   report will discuss, among other things, the nature and

11   circumstances of your offense, your prior record, if any,

12   other relevant conduct that may not have been included in the

13   Statement of Facts, whether you obstructed justice, whether

14   you accepted responsibility for your actions.  The Probation

15   Office will use all of this information to calculate an

16   advisory Sentencing Guidelines range.

17             Do you understand that?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  You and your attorney must read, review,

20   and discuss the contents of that report, which will be made

21   available to you at least 35 days in advance of the

22   sentencing in this case.  Do you understand that?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  You must be prepared to make any

25   corrections or objections to the report consistent with the

1    order that I will enter, and if you fail to make those

2    objections or corrections, they may be considered waived by

3    the Court.  Do you understand that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  If you have objections to the report,

6    the Probation Office, the United States Attorney, and your

7    attorney will attempt to resolve those issues informally.

8    However, if the differences can't be resolved, then those

9    objections or corrections will be submitted to the Court for

10   its formal adjudication of those issues.  Do you understand

11   that?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Do you understand that no one can

14   predict what sentence the Court will impose or even what

15   sentencing guideline will apply?

16             THE DEFENDANT:  I understand, Your Honor.

17             THE COURT:  In other words, if you have been told

18   that the Court is going to impose this sentence or that

19   sentence, or even that it will impose a sentence within a

20   specific guidelines range, that is only a prediction and not

21   a promise or representation upon which you can rely when

22   entering a guilty plea today.  Do you understand that?

23             THE DEFENDANT:  Yes, Your Honor, I do.

24             THE COURT:  Additionally, do you understand that the

25   Court, after considering the factors it must under the law,

1    may impose a sentence above or below the advisory Sentencing

2    Guidelines range?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  And that, ultimately, what your sentence

5    will be is a decision for the Court and for the Court alone

6    to make?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Do you have any questions about the

9    procedure governing how your sentence will be imposed?

10             THE DEFENDANT:  No, Your Honor.

11             THE COURT:  Ms. Kmet, are you satisfied that it is

12   in your client's best interest to accept the terms of this

13   Plea Agreement rather than proceed to trial?

14             MS. KMET:  Yes, Your Honor, I am.

15             THE COURT:  Are you satisfied that your client fully

16   understands the charges against him?

17             MS. KMET:  Yes, Your Honor, I am.

18             THE COURT:  Are you satisfied that your client has

19   been cooperative with you and has been competent throughout

20   the course of this investigation?

21             MS. KMET:  Yes, Your Honor, I am.

22             THE COURT:  As best as you can be, are you satisfied

23   that your client is not under the influence of any drugs,

24   alcohol, or medications today?

25             MS. KMET:  Yes, Your Honor, I am.

1          THE COURT:  Are you satisfied that there are no

2     meritorious defenses that can be raised on behalf of your

3     client or that if there are, that it is still in his best

4     interest to enter a plea?

5          MS. KMET:  Yes, Your Honor, I am.

6          THE COURT:  Do you know of any reason that your

7     client should not enter a guilty plea to the two counts of

8     the Indictment to which he is pleading guilty today?

9          MS. KMET:  No, Your Honor, I do not.

10         THE COURT:  Thank you.

11         MS. KMET:  Thank you, Your Honor.

12         THE COURT:  Mr. Jones, you understand the charges

13    against you in the Indictment.  I ask you now, as to

14    Count One, what is your plea; guilt or not guilty?

15         THE DEFENDANT:  Guilty, Your Honor.

16         THE COURT:  As to Count Seven, what is your plea;

17    guilty or not guilty?

18         THE DEFENDANT:  Guilty, Your Honor.

19         THE COURT:  It is the finding of the Court, in the

20    case of United States of America vs. Christopher Scott Jones,

21    that the defendant is fully competent and capable of entering

22    an informed plea, that the defendant is aware of the nature

23    and circumstances of the plea, the consequences of the plea,

24    and that the plea is given knowing and voluntary and is

25    supported by an independent basis in fact containing each of

1    the essential elements of the offense.

2           The plea is, therefore, accepted, and you are

3    adjudged guilty of Count One and Count Seven of the

4    Indictment.

5           The Court orders that the Plea Agreement and

6    Statement of Facts be filed in the record.

7           Now that I've accepted your guilty plea, the Court

8    is going to enter the Sentencing Procedures Order that I

9    mentioned earlier, and I see that you have signed the last

10   page of that document; is that correct?

11          THE DEFENDANT:  That is correct, Your Honor.

12          THE COURT:  Your sentencing will be held on

13   September 19, 2023, at 12:00 p.m., in Norfolk, Virginia.  Do

14   you understand that?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  All right.  Is there anything further

17   from the government?

18          MR. OSYF:  Nothing from the United States, Your

19   Honor.  Thank you.

20          THE COURT:  Anything further from you, Ms. Kmet?

21          MS. KMET:  No, sir, Your Honor.  Thank you very

22   much.

23          THE COURT:  Thank you.

24          The Court, having considered the factors outlined in

25   18 U.S.C. Section 3143(a)(2), shall order the defendant

1    remanded to the custody of the United States Marshals pending
2    sentence.
3            We are now adjourned.
4            (Proceedings adjourned at 12:25 p.m.)
5
6                       CERTIFICATION
7
8        I certify that the foregoing is a correct transcript
9    from the record of proceedings in the above-entitled matter.
10
11
12            _____/s/_____
13                    Carol L. Naughton
14                    November 27, 2023
15
16
17
18
19
20
21
22
23
24
25