```
1              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
2                    Newport News Division

3

4  - - - - - - - - - - - - - - - - - - -
                                       )
5   UNITED STATES OF AMERICA           )
                                       )
6   v.                                 )   CRIMINAL ACTION NO.
                                       )        4:23cr32
7   CHRISTOPHER SCOTT JONES,           )
                                       )
8        Defendant.                    )
                                       )
9  - - - - - - - - - - - - - - - - - - -

10

11

12              TRANSCRIPT OF PROCEEDINGS
                   (Sentencing Hearing)

13                 Norfolk, Virginia

14               September 19, 2023

15

16 BEFORE:  THE HONORABLE JAMAR K. WALKER
           United States District Judge

17

18

19 APPEARANCES:

20         UNITED STATES ATTORNEY'S OFFICE
           By:  Peter G. Osyf
21              Assistant United States Attorney
                Counsel for the United States
22
           FEDERAL PUBLIC DEFENDER'S OFFICE
23         By:  Kirsten R. Kmet
                Assistant Federal Public Defender
24              Counsel for the Defendant

25
```

```
 1              (Proceedings commenced at 12:13 p.m.)
 2              THE CLERK:  United States of America vs. Christopher
 3     Scott Jones in Criminal Action 4:23cr32.
 4              Mr. Osyf, is the government ready to proceed?
 5              MR. OSYF:  The United States is ready.  Thank you
 6     and good afternoon, Your Honor.
 7              THE COURT:  Good afternoon.
 8              THE CLERK:  Ms. Kmet, is the defendant ready to
 9     proceed?
10              MS. KMET:  Good afternoon, Your Honor.  Yes, we're
11     prepared to go forward, sir.
12              THE COURT:  Good afternoon.
13              We are here today for the sentencing of the
14     defendant, Christopher Scott Jones, who has entered a plea of
15     guilty to Count One of the Indictment charging him with
16     coercion and enticement of a child, in violation of Title 18,
17     United States Code, Section 2422(b) and Count Seven of the
18     indictment charging him with receipt of child pornography in
19     violation of Title 18, United States Code, Section
20     2252A(a)(2).
21              The maximum penalties for Count One are a mandatory
22     minimum term of imprisonment of 10 years, a maximum term of
23     life imprisonment, a fine of $250,000, a term of supervised
24     release of not less than five years but up to life,
25     restitution for the full amount of victims' losses,
```

1    forfeiture of assets, a $100 special assessment pursuant to

2    18 U.S.C. Section 3013, and a $5,000 special assessment

3    pursuant to 18 U.S.C. Section 3014(a).

4           The maximum penalties for Count Seven are a

5    mandatory minimum term of imprisonment of five years, a

6    maximum term of imprisonment of 20 years, a term of

7    supervised release of not less than five years but up to

8    life, restitution and forfeiture, a $100 special assessment,

9    a $5,000 special assessment, and a $35,000 special assessment

10   pursuant to 18 U.S.C. Section 2259A(a)(2).

11          Mr. Jones, have you had an adequate opportunity to

12   consult with Ms. Kmet to prepare for the hearing today?

13          THE DEFENDANT:  Yes, Your Honor, I have.

14          THE COURT:  Are you satisfied with the advice and

15   counsel that you've received in this case?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  As you know, today is the day the Court

18   is going to impose a sentence in your case, but first I'm

19   going to explain to you how we're going to proceed.

20          First I'll talk with the lawyers about what the

21   appropriate Sentencing Guidelines that apply to your case

22   are.  As you know, the Court is required to calculate those

23   guidelines; however, once the guidelines are calculated, the

24   Court is not required to impose a sentence within the

25   advisory guidelines range.

1           After we calculate the range, I'll want to hear from
2      the lawyers about what they believe is the appropriate
3      sentence and why.  Ms. Kmet has provided the Court with
4      extensive written materials, but she will make some remarks
5      today after the government has made its remarks.
6           After Ms. Kmet finishes, I'll turn to you.  If
7      there's anything you want to tell me about yourself, about
8      the case, about anything, I'm going to give you that
9      opportunity, but it's important for you to know that you
10     don't have to speak and I will not hold it against you if you
11     do not.
12          I just wanted you to know that if you wish to tell
13     the Court anything, you will have your opportunity after
14     Ms. Kmet finishes.  Do you understand that?
15          THE DEFENDANT:  Yes, Your Honor, I do.
16          THE COURT:  Do you have any questions about how the
17     Court is going to proceed today?
18          THE DEFENDANT:  No, Your Honor.
19          THE COURT:  All right.  You may be seated.
20          THE DEFENDANT:  Thank you.
21          THE COURT:  Counsel, the Court has had an
22     opportunity to read your position papers, the Presentence
23     Report, as well as the letter the Court received in support
24     of the defendant, and the victim impact statement that has
25     been submitted.

1          The Court has carefully reviewed the Presentence
2   Report in this case, which was filed on August 30, 2023.  The
3   addendum indicates that there are no unresolved objections to
4   the report.  I know there was some back and forth on that,
5   but I just want to confirm that there are, in fact, no
6   objections to the report.  Is that correct, counsel?
7          MS. KMET:  That is correct, Your Honor.
8          MR. OSYF:  That's correct, Your Honor.
9          THE COURT:  Thank you.
10         Ms. Kmet, have you had sufficient opportunity to
11   review the Presentence Report with Mr. Jones prior to coming
12   to court today?
13         MS. KMET:  Yes, Your Honor, I have.
14         THE COURT:  Have you read and reviewed the
15   mandatory, standard, and special conditions of supervised
16   release that are included in the Presentence Report?
17         MS. KMET:  Yes, Your Honor, I have.
18         THE COURT:  Have you gone over all those conditions
19   with Mr. Jones?
20         MS. KMET:  Yes, Your Honor, I have.
21         THE COURT:  Do you have any objections to the
22   conditions that are outlined in the Presentence Report?
23         MS. KMET:  No, Your Honor, I do not.
24         THE COURT:  Mr. Jones, if you could please stand.
25         THE DEFENDANT:  Yes, sir.

1          THE COURT:  Did you have an opportunity to review

2     the Presentence Report with Ms. Kmet before coming to court

3     today?

4          THE DEFENDANT:  Yes, Your Honor, I did.

5          THE COURT:  Did you have enough time to review the

6     report?

7          THE DEFENDANT:  Yes, Your Honor, I did.

8          THE COURT:  Are there any errors in the report?

9          THE DEFENDANT:  No, Your Honor.

10         THE COURT:  Does the Presentence Report fully cover

11    your background?

12         THE DEFENDANT:  Yes, Your Honor, it does.

13         THE COURT:  Have you read and reviewed the

14    mandatory, standard, and special conditions of supervised

15    release that are included at the end of the Presentence

16    Report?

17         THE DEFENDANT:  Yes, Your Honor, I have.

18         THE COURT:  Do you understand that supervised

19    release would begin once you got out of prison and that,

20    while you are on supervised release, you have to abide by

21    certain conditions; should you violate those conditions, you

22    could subject yourself to an additional period of

23    incarceration or additional terms of supervision; do you

24    understand that?

25         THE DEFENDANT:  Yes, Your Honor, I understand.

1          THE COURT:  To the extent you had any questions
2     about the conditions, did you have those answered by
3     Ms. Kmet?
4          THE DEFENDANT:  Yes, Your Honor, I did.
5          THE COURT:  Do you need any more time to review
6     anything in the report before we proceed today?
7          THE DEFENDANT:  No, Your Honor, I do not.
8          THE COURT:  Thank you.  You may be seated.
9          Mr. Osyf, are there any additional corrections or
10    objections to the information contained in the Presentence
11    Report?
12         MR. OSYF:  No, Your Honor.
13         THE COURT:  The government has moved for a one-point
14    reduction for acceptance of responsibility; is that correct?
15         MR. OSYF:  Yes, Your Honor.
16         THE COURT:  That motion will be granted.
17         Have the guidelines in this case been properly
18    calculated?
19         MR. OSYF:  Yes, Your Honor.
20         THE COURT:  Thank you.
21         Ms. Kmet, any additions, corrections, or changes to
22    the information contained in the Presentence Report?
23         MS. KMET:  No, Your Honor.
24         THE COURT:  Have the guidelines been properly
25    calculated?

1          MS. KMET:  Yes, Your Honor.

2          THE COURT:  There being no outstanding objections

3    from the defendant or the United States, the Court hereby

4    adopts the undisputed factual statements and guidelines

5    calculations as reflected in the Presentence Report.

6          Mr. Jones, if you could please stand, we'll proceed

7    to the articulation of the advisory guidelines range.

8          The Court finds that you have a total offense level

9    of 41, a criminal history category of I, which yields an

10   advisory guidelines range of 324 to 405 months.

11         The Court will also note for the record that the

12   defendant would not be eligible for an additional two-point

13   reduction under the impending amendments because the offense

14   is a sex offense and, thus, would be excluded from

15   eligibility for a reduction.

16         Mr. Jones, you have a right today to present

17   evidence to help the Court determine what sentence is

18   sufficient but not greater than necessary.  That's the

19   standard the Court must apply.

20         You may provide the Court with documents, witnesses.

21   You may personally testify if you wish to do so, but if you

22   do so under oath, you're going to be subject to

23   cross-examination by the Assistant United States Attorney.

24         You may also give the Court an unsworn statement.

25   If you choose to give an unsworn statement, you will not be

1    cross-examined if you choose to give such a statement.  You

2    also have that third option that I discussed with you

3    earlier, and that's to allow Ms. Kmet to handle all the

4    argument for you and to remain silent.

5              Do you understand all of this?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Ms. Kmet, are there any live witnesses

8    you will be calling today?

9              MS. KMET:  No, Your Honor, but I would ask the Court

10   to recognize his mother at the appropriate time.  She's

11   traveled to be here from the state of Texas.

12             THE COURT:  Very well.

13             Does Mr. Jones wish to make a sworn statement, an

14   unsworn statement, or any statement?

15             MS. KMET:  Your Honor, he has an unsworn statement

16   that he has prepared for the Court.

17             THE COURT:  Thank you.  You may have a seat.

18             MS. KMET:  Thank you, Your Honor.

19             THE COURT:  Mr. Osyf, are there any witnesses the

20   government will be calling?

21             MR. OSYF:  No, Your Honor.

22             THE COURT:  As I mentioned earlier, the Court has

23   received one victim impact statement.

24             Have the victims in this case been given notice of

25   the hearing?

1          MR. OSYF:  Yes, they have, Your Honor.

2          THE COURT:  Outside of that impact statement, any

3    requests to be heard today?

4          MR. OSYF:  No, Your Honor.

5          THE COURT:  All right.  I will hear from the

6    government as to what the appropriate sentence is in this

7    case.

8          MR. OSYF:  Thank you, Your Honor.  And if I may,

9    regarding the victim impact statement that Your Honor just

10   mentioned, Anastasia Jones submitted a victim impact

11   statement to the government yesterday.  A copy was e-mailed

12   to the Court, Probation, and defense counsel, but Ms. Jones

13   requested that I read it in open court today as well.

14         THE COURT:  Very well.

15         MR. OSYF:  Victim Impact Statement:  United States

16   verse Christopher Jones.  Name:  Anastasia Jones.

17         The form reads:  "Many people are more comfortable

18   writing about their experiences.  For the following

19   questions, feel free to attach additional sheets of paper if

20   needed.

21         "Question 1:  Mark the words or phrases that best

22   describe your feelings and reactions to this crime.  Please

23   remember these are all normal reactions."

24         Under "Feelings," Ms. Jones checked anger, fear,

25   guilt, numbness, anxiety, sad, depression, tense, grief, and

1    confused.

2         Under "Experiences," she checked nightmares,

3    appetite change, fear of being alone, uncontrolled crying,

4    school stress, fear the defendant will return, repeated

5    memory of the crime, no trust in anyone, and family trust.

6         THE COURT:  "Stress."

7         MR. OSYF:  Sorry, family stress.

8         "Substantial Hardships," she indicated insolvent,

9    unable to pay debts owed, and separation slash divorce.

10        "Question 2:  What would you like the Judge to know

11   about you and the impact of this crime?"

12        She handwrote:  "I have lost a spouse of 13 years.

13   Defendant used me to keep up the facade of normalcy while

14   creating a family and having kids to cover up his perversions

15   and tastes.  He has falsely led me to believe that he loved

16   me, which prompted me to leave my native country and live in

17   this fake marriage for 13 years after I left my family and my

18   entire life in Russia 14 years ago."

19        "Question 3:  Please describe below how members of

20   your family have been affected by this crime."

21        She wrote:  "The kids lost a father.  Our family

22   lost the provider.  At least one of our children has been

23   sexually assaulted.  Kids have experienced drastic changes in

24   their routine."

25        "Question 4:  Have you or members of your family

1    received counseling or therapy?"

2              Ms. Jones indicated:  "Yes."

3              "If yes, please be certain to complete the attached

4    financial statement."

5              She wrote:  "Everything covered through Medicaid."

6              "Question 5:  What would you like to see happen in

7    this case?"

8              Ms. Jones wrote:  "For defendant to never see the

9    light of day."

10             There's a Question 6, Your Honor, that asks "Is

11   there anything else you would like the Judge to know before

12   the defendant is sentenced?  Additional sheets of paper can

13   be attached if necessary."  But Ms. Jones did not respond to

14   that question.

15             THE COURT:  Thank you.

16             MR. OSYF:  Your Honor, I don't have much to say

17   about this case.  The situation is so completely confounding

18   on every possible level that it's difficult to believe.

19             This case is about some of the most heinous conduct

20   civilization has criminalized, evident by the statutory

21   maximum given by Congress of a sentence of life; the knowing

22   persuasion, inducement, enticement, or coercion of a child to

23   engage in prostitution or sexual activity for which a person

24   can be charged with a criminal offense -- how awful and yet,

25   even worse, given the pure betrayal of what ought to be

1    among, if not the most sacred and innocent of relationship

2    bonds.

3            As noted in the United States' position paper on

4    Page 8, making the unimaginable somehow even more

5    mind-numbing is that there is simply no excuse nor even mere

6    semblance of an explanation for the defendant's conduct here.

7            He is smart, educated, capable.  He grew up in a

8    loving and supportive environment; is physically healthy; has

9    no history of mental or emotional health issues; and cannot

10   even blame substance abuse problems for his choices.  And his

11   choices over the last several years are some of the worst

12   imaginable.

13           Reading his mother's letter to the Court, it doesn't

14   seem possible that such a man could have done what this man

15   before the Court today has done and what he has done for

16   years and with absolute chilling impenitence:  instructing

17   Jane Doe 1 to be sure she deletes her texts; smirking at law

18   enforcement after factory-resetting his phone; smiling and

19   shrugging at agents while exclaiming how, well, he's just

20   always been open with his victims.

21           The defendant's sentences -- excuse me, the

22   defendant's sentence is one of those extremely, extremely

23   rare ones, Your Honor, where the focus is not about helping

24   the defendant.  Rather, in the absence of any genuine

25   contrition and the likely impossibility of any specific

1  deterrence, let alone any chance of rehabilitation, the

2  purpose of the defendant's sentence is about general

3  deterrence and about protecting children from this

4  remorseless predator for as long as this Honorable Court will

5  do so.

6          The United States asks for a sentence consistent

7  with the high end of the guidelines here, but that should be

8  the lowest the Court should consider.

9          Reading through the PSR last night and again this

10  morning, considering the victims, the utter lack of

11  mitigating factors, and the cavalier attitude of the

12  defendant as he so wickedly deceived everyone, an upward

13  variance would be warranted here and certainly not greater

14  than necessary to achieve the goals of sentencing.

15          Thank you, Your Honor.

16          THE COURT:  Thank you, Mr. Osyf.

17          Ms. Kmet?

18          MS. KMET:  Yes, Your Honor, thank you.

19          Your Honor, his mother, Deborah Jones, is here, if

20  she may stand to be recognized, Your Honor, please?

21          THE COURT:  Absolutely.

22          MS. KMET:  Ms. Jones?

23          Thank you.

24          THE COURT:  Thank you for being here.

25          MS. KMET:  And, Your Honor, as I indicated, she flew

1   in from Texas to be here to show her support for Mr. Jones,

2   and it's quite obvious from her character letter, Your

3   Honor -- I understand she's his mother, of course -- but she

4   gives the Court a little bit more insight as to their

5   relationship and what Mr. Jones has been able to offer to

6   society.

7            I certainly agree that there are aggravating

8   factors, Your Honor, in this case.  There's some really bad

9   facts, and we'd embrace those facts, Your Honor.  Mr. Jones

10  is before Your Honor having pled guilty, accepting full

11  responsibility, Your Honor.

12           He was willing to plead guilty pre-Indictment, but

13  the investigation was ongoing, and that didn't happen, but

14  after we reviewed the discovery and he was indicted, Your

15  Honor, he did timely notify the government of his intention

16  to plead guilty.

17           Your Honor, I'd ask the Court to take into

18  consideration the collateral consequences associated with his

19  conviction.  He will be a federally branded felon.  He will

20  have sex offender treatment and requirements to register,

21  obviously, going forward.

22           He does have the support of his mother, despite this

23  federal prosecution, and his mother is well aware of what

24  he's pled guilty to.

25           Your Honor, we would ask the Court to put a

1    recommendation in the judgment order that Mr. Jones serve his

2    sentence at Elkton FCI that's in Lisbon, Ohio.  Your Honor,

3    they do have sex offender treatment and programming, and the

4    majority of their offenders are similarly situated as

5    Mr. Jones.

6              We would ask the Court to consider placing in the

7    order the need for medical treatment -- as detailed in the

8    Presentence Investigation Report, Mr. Jones is dealing with

9    myriad medical issues -- Your Honor, obviously the need for

10   mental health evaluations and treatment, sex offender

11   treatment and programming, and any vocational and educational

12   treatment that would be available to him.

13             And, Your Honor, for the remainder of my argument, I

14   would rely on the position paper that I tendered to the

15   Court.

16             THE COURT:  Thank you, Ms. Kmet.

17             MS. KMET:  Thank you, Your Honor.

18             THE COURT:  Mr. Jones, if you could please join

19   Ms. Kmet at the podium.

20             You now have the opportunity to speak before the

21   Court imposes any sentence.  As I mentioned to you earlier,

22   you do not have to speak if you do not wish to do so, and I

23   will not hold it against you.  If there is anything you want

24   to tell the Court, I will hear from you now.

25             THE DEFENDANT:  Thank you, Your Honor.

1          Your Honor, I accept full responsibility for my
2   actions.  I am truly sorry for putting the victims through
3   this grueling process and tragedy.  Facing the truth is the
4   only way I can begin to move beyond my flaws and start a new
5   path of redemption.  Also admitting my guilt is an important
6   step to overcome my flaws.

7          I sat and I listened to all that the prosecution
8   presented, and it's disturbing.  I've neglected to be the
9   person I was supposed to be; and that's a protector and a
10  provider for my family.

11         You see, all my life I've tried to be a protector.
12  For almost 20 years, I protected the citizens as a lieutenant
13  in the fire department, and a paramedic.  I worked in the
14  emergency room providing lifesaving care for those in need.
15  And even on my off-time, I dedicated my time to cut the grass
16  for the elderly.

17         Everything I've done prior to this incident, I've
18  done for the good of my family and others.  However, in the
19  midst of all these things, I traveled down a road of
20  destruction, and that has led me here today in this
21  courtroom.

22         Being in jail has made me realize that I have a
23  problem.  I thought I was doing well; never arrested in my
24  life, never had a problem with the law, followed the word of
25  God -- no history of anything prior to this incident.  And I

1    made sure everyone was taken care of when I was -- when all
2    this started.
3          Whatever you sentence -- whatever sentence you
4    impose on me today, Your Honor, I plan to take full advantage
5    of every opportunity that is presented before me to help me
6    mentally, emotionally, physically, spiritually, and
7    secularly.  I will take advantage of the mental health and
8    the sex offender classes to understand me better.  I will
9    take advantage of the vocational courses to allow me to
10   maintain being a working class citizen.
11         And even though I possess a degree, I will expand my
12   knowledge by furthering my education by taking college
13   courses and whatever else is needed to put me at 100 percent.
14         It's said that problems that devastate and corrupt
15   our lives originate in our hearts.  I plan to take a closer
16   look at what is truly inside my heart and devise a strategy
17   to fix it with the help provided by, of course, the Bureau of
18   Prisons.  Change won't happen overnight, but imagine how
19   different I could be in time.  I know, Your Honor, that the
20   law has a job to protect society.  I know that I must face
21   the consequences of my actions.
22         Your Honor, I ask that you would consider a sentence
23   that will allow me to get the help I need, become a better
24   person, become a better citizen.  I ask that you would
25   consider a sentence that will allow me to rejoin society and

1   to rejoin my family.

2        My goal is to become better in every way possible,

3   never to return to any prison.  I thank you for your time and

4   for your consideration.

5        THE COURT:  Thank you, Mr. Jones.

6        In imposing a sentence, Congress has instructed the

7   Courts that we have to consider a number of different

8   factors, and in arriving at a sentence that is sufficient but

9   not greater than necessary, I must consider, in addition to

10  the advisory Sentencing Guidelines, the nature and

11  circumstances of your offense, the personal history and

12  characteristics of you, the defendant, the need to avoid

13  unwarranted sentencing disparities, and the types of

14  sentences available.

15       The Court is going to go through and talk to you

16  about its reasoning with respect to each and every one of

17  those factors.  Even if I do not address each specific

18  factor, know that the Court has considered all of the factors

19  it must under the law.

20       The Court has also reviewed the Presentence Report

21  and the attached Sentencing Guidelines, which are advisory,

22  meaning they are not binding on this court.  The Court has

23  also considered the government's position on sentencing as

24  well as the defendant's position on sentencing, the victim

25  impact statement it received and that Mr. Osyf read to the

1   Court earlier, the letter written in support of you by your

2   mother, as well as the arguments of counsel today.

3          I want to start with the nature and circumstances of

4   this offense, which the PSR describes in great detail.

5          Mr. Jones, let me start as simply as I know how.

6   Your conduct was deviant, abhorrent, and egregious.  You said

7   two things that I wrote down when you were talking to the

8   Court.

9          The first thing you said that I wrote down was "All

10  my life I've tried to be a protector."  You preyed on the

11  very people who you were supposed to protect.

12         You kept referring to this as an incident.

13  "Incident" is a singular word.  This happened multiple times

14  with multiple victims.  The incident is how you got caught.

15  That is not the extent of your criminal conduct.

16         So the fact that you referred to it as an incident

17  is troubling to the Court because it suggests to the Court

18  that you don't fully understand the nature and circumstances

19  of the totality of what you have done.

20         You've destroyed your family.  You've done

21  potentially irreversible damage to those closest to you.  And

22  I say "potentially irreversible" because I hope that the

23  victims in this case can find some healing and peace and to

24  move forward in the best way that they know possible.

25         But your deviant behavior also extended outside of

1   your home because you went online to arrange a meeting with

2   someone you believed to be a 12-year-old girl, to have sex

3   with that young person.  The articles that were found in your

4   car -- the Astroglide, the Listerine strips -- make it

5   abundantly clear what your intentions were that night.  But

6   for your decision to engage in those communications, the

7   Court is left to wonder how long this would have gone on

8   before you were ultimately caught.

9           What is even worse is your conduct once you were

10  arrested, the conduct that resulted in the

11  obstruction-of-justice enhancement here; smirking when you

12  were asked if you factory-reset your phone, knowing full well

13  that every single thing that you did as relates to this case

14  was wrong, and though you eventually accepted responsibility

15  for your actions, which the Court credits you for and which

16  the government credits you for by moving for acceptance of

17  responsibility, it's clear to the Court that you lied to law

18  enforcement when you were first interviewed about the nature

19  of your relationship with the victims in this case.

20          Sitting here today, perhaps the thing that is most

21  troubling to me is that we will never know the full extent of

22  your deviant behavior, but the Court is confident that the

23  information before it today probably doesn't begin to tell

24  the whole story, the number of underage individuals that you

25  have abused.

1        The nature of the grotesque messages that you

2   exchanged with Jane Doe 1 in this case, again someone whose

3   job it was for you to take care of and protect, were the

4   types of messages that two consenting adults might exchange

5   with one another.

6        At the time you were caught, Jane Doe 1 was 16, but

7   Jane Doe 1 described a longstanding physical sexual

8   relationship with you, one that you allowed to continue with

9   promises of gifts and other enticements.  That says nothing

10  of the sexually explicit images of her that were found in

11  this case.

12       And then what you did with the seven-year-old Jane

13  Doe, you admitted to some sexual contact, but, again, the

14  Court is left to wonder if you truly disclosed all of the

15  conduct in light of the facts contained within paragraph 17

16  of the Presentence Report.

17       In all of these interactions, there was only one

18  adult -- you -- one adult who had the ability to stop this

19  from happening, one adult who had the ability to control his

20  desires and urges, one adult who had the responsibility for

21  taking care of people, and you failed in every single way.

22       I sat and I listened to you, and I was hopeful that

23  as you talked that I would get some sense of remorse from

24  you, and while the words that you said seemed like words of

25  someone that would be remorseful, I have to be honest, I'm

1   not buying what you're selling today.

2           Turning to your personal history and

3   characteristics, you are 43 years old; you are currently

4   married; you have six children; you had, by all accounts, a

5   very good childhood, albeit one with a stern disciplinarian

6   as your father.

7           The Court also finds it curious that it appears

8   you've been able to only maintain relationships with women in

9   your life.  As the PSR notes, you have strong relationships

10  with your mother and your sister, which are important, but

11  that is contrasted with your strained relationships with your

12  father and your brothers.

13          But in any event, your basic needs as a child were

14  met, and you have no history of abuse, no history of

15  substance abuse, no history of alcohol abuse, and you have

16  zero criminal history.

17          The Court has also reviewed the letter that your

18  mother wrote in support of you.  It goes in great detail to

19  try to give the Court the bigger picture of who you are as a

20  person, and no doubt your mother should be commended for

21  doing what a mother should do, even in the most possible

22  scenario; sticking by her son.  But, again, the Court wonders

23  if she truly knows the full extent of your criminal conduct

24  in this case and what you've done to the specific victims in

25  this case.

1          The Court notes that your mother describes you as

2    caring and giving, which the Court credits as true, in many

3    other facets of your life, but to analogize this letter in

4    the context of the nature and circumstance of your offense,

5    what your mother described was Dr. Jekyll; the facts of this

6    case paint a picture more like Mr. Hyde.

7          You've also been able to maintain gainful employment

8    your entire life.  You are college-educated.  You have an

9    associate's degree.

10         You have some health issues, and Ms. Kmet is correct

11   that the Bureau of Prisons should be directed to address

12   those issues, but at the end of the day, you possess the

13   tools to be a productive member of society, and your

14   credentials are not the kind the Court commonly sees, but,

15   frankly, Mr. Jones, that's what makes your crime all the more

16   egregious, because it appears that it was your way of keeping

17   up the facade of who you truly were and going to conceal your

18   behavior from the public and from your family.

19         The Court has also considered the need for the

20   sentence imposed to reflect the seriousness of your offense,

21   to promote respect for the law, to provide just punishment,

22   to deter you and to deter others, to protect the public from

23   future crimes of you, and to provide you with educational and

24   vocational training and medical care and other treatment as

25   necessary.

1        Ms. Kmet has asked the Court to sentence you to 120

2    months, which would be a sentence substantially below the

3    advisory guidelines range.  In doing so, she argues about the

4    low likelihood of reoffense because of your lack of criminal

5    history, and in most cases that would be absolutely correct,

6    but not in this case, given the length and relationships of

7    inappropriate nature and the scope of your conduct.

8        Simply put, there is nothing about the facts of this

9    case that suggests a substantial deviation from the advisory

10   Sentencing Guidelines range is warranted.  The amount of harm

11   you've caused here is so significant that sentencing you to

12   10 years of imprisonment would not begin to achieve the goals

13   of sentencing that the Court must in deciding a sentence that

14   is sufficient but not greater than necessary.

15       Mr. Jones, pursuant to each of the factors set forth

16   in Title 18, United States Code, Section 3553(a), and the

17   Sentencing Reform Act of 1984, having considered the Federal

18   Sentencing Guidelines as advisory, it's the judgment of this

19   Court that you are hereby committed to the custody of the

20   United States Bureau of Prisons for a term of 405 months.

21   That consists of 405 months on Count One, 240 months on Count

22   Seven, to run concurrently.

23       The Court recommends to the Bureau of Prisons that

24   you receive credit for any time served.

25       The sentence is sufficient but does not exceed the

1    amount of time necessary to achieve the goals of sentencing

2    as set forth in 18 U.S.C. Section 3553.  It reflects the

3    seriousness of the offense, promotes respect for the law,

4    provides just punishment for the offense, affords adequate

5    deterrence to criminal conduct, and protects the public from

6    further crimes that you may commit.

7          The Court recommends that you participate in any

8    educational or vocational training offered by the Bureau of

9    Prisons.

10          The Court also recommends that you receive an

11   evaluation for the need for mental health treatment while

12   incarcerated, including a psychosexual evaluation and sex

13   offender treatment.

14          The Court also recommends to the Bureau of Prisons

15   that it take into account your health issues when deciding

16   your designation.

17          Upon your release from incarceration, you shall be

18   placed on a term of supervised release for a term of 30 years

19   on Count One and 30 years on Count Seven, to be served

20   concurrently, for a total supervised release term of 30

21   years.

22          Within 72 hours of your release from custody from

23   the Bureau of Prisons, you shall report to the United States

24   Probation Office in the district in which you are authorized

25   to reside.

1          While on supervised release, you shall comply with

2    all the mandatory terms of supervised release as outlined in

3    18 U.S.C. Section 3583(d) and in the Presentence Report.

4    Namely, you shall not commit another federal, state, or local

5    crime; you shall not possess unlawfully a controlled

6    substance.

7          As reflected in the PSR, you present a low risk of

8    future substance abuse, and therefore, the Court suspends the

9    mandatory condition for substance abuse testing as defined in

10   18 U.S.C. Section 3563(a)(5).  However, this does not

11   preclude the Probation Office from administering drug tests

12   as they deem appropriate.

13         While on supervised release, you shall also comply

14   with all of the standard conditions of supervised release

15   that are outlined in your PSR and are hereby adopted by the

16   Court.

17         You shall also comply with all the special

18   conditions of supervised release that are outlined in your

19   Presentence Report and are hereby adopted by this Court.

20         The Court finds all the special conditions of

21   supervised release appropriate in light of the nature and

22   circumstances of your offense, the need for treatment and

23   rehabilitation services to reduce the likelihood of

24   recidivism, and the statutory requirements of the Adam Walsh

25   Child Protection and Safety Act of 2006.

1          The Court has considered your negative net worth and

2    lack of liquid assets, your earning potential, your lifestyle

3    and financial needs, the number of dependents relying upon

4    you for support.  Based on those factors, the Court finds

5    that you are not capable of paying a fine, so no fine will be

6    imposed.

7          The Court, consistent with Ms. Kmet's

8    recommendation, will recommend that you serve your sentence

9    in a facility located in Ohio.  The Court will not recommend

10   a specific facility, but the Court will request that the

11   Bureau of Prisons designate you to the state of Ohio.

12         The defendant will, however, be responsible for

13   paying a $100 special assessment for each count of

14   conviction, for a total of $200.

15         Given the Court's review of your financial

16   information as outlined in the Presentence Report, the Court

17   finds that you are indigent, so no special assessment

18   pursuant to 18 U.S.C. Section 3014 will be imposed.

19         However, after considering the factors outlined in

20   18 U.S.C. Section 3553(a) and 3572, you shall pay a special

21   assessment of $3,000 pursuant to the Amy, Vicky, and Andy

22   Child Pornography Victim Assistance Act of 2018 as codified

23   at 18 U.S.C. 2259.

24         Mr. Osyf, is there a restitution order in this case?

25         MR. OSYF:  There is not, Your Honor.

1          THE COURT:  All right.  The criminal monetary

2     penalties imposed by the Court shall be due in full

3     immediately.  Any balance remaining unpaid on the special

4     assessment at the inception of supervision shall be paid in

5     installments of not less than $100 per month until paid in

6     full.  Those payments shall commence 60 days after

7     defendant's supervision begins.

8          Any fine or special assessment imposed by this

9     judgment may be subject to penalties for default or

10    delinquency.

11         Payment of criminal monetary penalties shall be due

12    during the period of imprisonment.  All criminal monetary

13    payments except those payments made through the Bureau of

14    Prisons' Inmate Financial Responsibility Program shall be

15    made to the Clerk, United States District Court for the

16    Eastern District of Virginia.

17         You shall notify the United States Attorney for this

18    district within 30 days of any change of name, residence, or

19    mailing address until all fines, restitution costs, or any

20    special assessments imposed by this judgment are fully paid.

21         Mr. Osyf, is there a Consent Order of Forfeiture?

22         MR. OSYF:  There is not, Your Honor.  There may be

23    one forthcoming regarding an iPad.  If it does, the

24    government will get it to the Court as soon as possible.

25         THE COURT:  Mr. Jones, in paragraph 6 of your Plea

1    Agreement, you waived your right to appeal.  Nevertheless,

2    you still retain some rights to appeal.  The Plea Agreement

3    gives the example of ineffective assistance of counsel.  The

4    Court is not suggesting that there is any reason or basis for

5    an appeal.  However, pursuant to Rule 32(j) of the Federal

6    Rules of Criminal Procedure, I must advise you of your right

7    to appeal.

8         You must file a written notice of appeal within 14

9    days of the judgment being entered in this case.  Should you

10   fail to file an appeal in that way, you could have waived or

11   given up your right to appeal.

12        Do you understand this?

13        THE DEFENDANT:  Yes, Your Honor, I do.

14        THE COURT:  Also, if you are unable to pay the cost

15   of an appeal, you can petition to have the costs paid by the

16   Court, or if you need to have documents obtained, you can

17   petition to have those costs paid on your behalf.

18        Do you understand that?

19        THE DEFENDANT:  Yes, Your Honor.

20        THE COURT:  Mr. Osyf, are there any counts that need

21   to be dismissed?

22        MR. OSYF:  Yes, Your Honor.  The government moves to

23   dismiss those counts now.

24        THE COURT:  All remaining counts pending against the

25   defendant are hereby dismissed.

1          Anything further from the government?

2          MR. OSYF:  No, Your Honor, thank you.

3          THE COURT:  Anything further from the defendant?

4          MS. KMET:  No, Your Honor.

5          THE COURT:  Mr. Jones, I hope you take this time to

6     reflect on the choices you made, the consequences of those

7     choices for others, and when you do re-enter society, you do

8     what you can to do right by your family.  Good luck to you.

9          The Court is adjourned.

10          (Proceedings adjourned at 12:48 p.m.)

11

12                       CERTIFICATION

13

14      I certify that the foregoing is a correct transcript

15     from the record of proceedings in the above-entitled matter.

16

17

18          _____/s/_____

19                    Carol L. Naughton

20                    November 27, 2023

21

22

23

24

25